WINTER, STATE TAX COLLECTOR *v.* BROOKS

No. 40654          February 10, 1958          100 So. 2d 362

*Pyles & Tucker,* Jackson, for appellant.

*Pierce & Waller,* Jackson, for appellee.

McGEHEE, C. J.

The State Tax Collector, William Winter, a duly elected public official of this State, acting pursuant to his authority under the law to collect privilege taxes and penalties thereon in proper cases, brought this suit for the use and benefit of the State of Mississippi, the City of Jackson, and the County of Hinds, by an attachment at law.

The said official acting for the use and benefit of the State of Mississippi and the other named political subdivisions thereof, did not give an attachment bond for the payment of any judgment that might be rendered for a wrongful suing out of the writ of attachment, in the event the trial court had adjudged that the writ had in fact been wrongfully sued out. Because of the fact that no such bond was given by the plaintiff in the attachment proceedings, the trial court dismissed the suit of the State Tax Collector, as well as all writs of attachment and garnishment against the principal garnishee defendants, and all effects held under the said writs were ordered released.

The trial court denied the application of the appellant for an appeal with supersedeas, but such an appeal was thereafter granted by a member of this Court.

The question posed to this Court for decision is: Has the State of Mississippi the right and power to file suits for the collection of debts due the State and its political subdivisions as unpaid privilege taxes and penalties thereon, by the use of the statutory remedy of an attachment at law, where the Legislature has by Section 4395, Code of 1942, relieved the State of giving bond in any suit, and made no provision for the posting of a bond in any case such as the one now before us by the duly authorized public official acting for and on behalf of the State, and has also provided by Section 4392, Code of 1942, that ''the State shall be entitled to bring all actions and all remedies to which individuals are entitled in a given state of case; * * *'' ?

Section 4395, Code of 1942, reads in full as follows: ''Neither the state nor any county shall be required to give bond in any suit.'' It will be noted that no exceptions are contained in this statute.

The principal issue presented to the trial court was whether an attachment proceeding at law was a suit within the meaning of Section 4395, supra. The trial court held that such a proceeding was not a suit, and that the State was without power to file an ordinary attachment at law without giving the bond provided by Section 2680, Code of 1942. Such a bond would have been conditioned to pay to the defendant ''all such damages as it shall sustain by the wrongful suing out of the attachment and writs of garnishment * * * .''

■■■ Upon this appeal the appellee makes the further point that the State is not a party to the suit.

Section 9179, Code of 1942, provides among other things the following: ''The state tax collector * * * shall have power and it shall be his duty to proceed by suit in the proper court against all persons, corporations,

companies, and associations of persons for all past due and unpaid taxes of any kind whatever, whether of the state, county, municipality, * * * or any subdivision thereof, and for all past due obligations and indebtedness of any character owing to them, or any of them, * * * .'' The obligations herein sued for were alleged to have been owing to the State, the County of Hinds and the City of Jackson. If recovered in a suit the money collected would have to be paid into the treasuries of the respective beneficiaries of the suit, that is to say, of the State, county and municipality, less the commission provided for by law to the official bringing the suit in their behalf.

We do not think that the State was required by law to give a bond in this attachment suit at law, and we are also of the opinion that the State, County and Municipality were the real parties in interest in the suit. Moreover, if the State had undertaken to obligate itself by the terms of an attachment bond to pay to the defendant "all such damages as it shall sustain by the wrongful suing out of the attachment and writs of garnishment", and if a judgment had been rendered accordingly, an appropriation by the Legislature would have been necessary to pay such judgment against the State in that behalf.

We are therefore of the opinion that the cause must be reversed and remanded to be proceeded with in a manner not inconsistent with the foregoing views.

Reversed and remanded.

*Roberds, Lee, Arrington* and *Ethridge, JJ.,* concur.